# EXHIBIT 2

### NOTICE OF CLASS CERTIFICATION AND SETTLEMENT OF LAWSUIT

To: All delivery drivers who work or worked at any Domino's Pizza locations owned or operated by Rolling in the Dough, Inc. and Rolling in the Dough II, Inc. from October 31, 2014 until July 31, 2019.

Re: Notice of settlement of lawsuit to recover unpaid wages and under-reimbursed delivery expenses

Case: *Young v. Rolling in the Dough, Inc., et al.,* Case No. 1:17-cv-7825
The United States District Court for the Northern District of Illinois, Eastern Division (the "Lawsuit")

**You are receiving this Notice in connection with the above-captioned class action lawsuit. This notice explains the settlement of this lawsuit and your options.**

### 1. What is this lawsuit about?

On October 31, 2017, Samantha Young (the "Plaintiff") filed a lawsuit against Rolling in the Dough, Inc., Rolling in the Dough II, Inc., and Kenneth Lindeman (the "Defendants"). In the lawsuit, Plaintiff claims that Defendants failed to pay her and other similarly situated delivery drivers minimum wage by not fully reimbursing them for automobile expenses. Ms. Young claims that the law requires Defendants to reimburse her and other delivery drivers at the IRS standard business mileage rate (currently $.58 per mile) or for their actual expenses. Defendants deny liability, and argue that they are permitted to reimburse based on a "reasonable approximation" of the expenses incurred.

Ms. Young also claims that Defendants improperly took deductions for the costs of uniforms and for contributions to the Domino's Partners Foundation, improperly paid delivery drivers a tipped wage rate for non-tipped job duties, and failed to properly inform the drivers of the requirements for taking a tip credit under the FLSA. Defendants deny liability on these claims as well.

Ms. Young seeks unpaid wages, liquidated damages under the FLSA, damages under Illinois law, and interest on behalf of herself and similarly situated delivery drivers.

The Parties have agreed to settle Plaintiff's claims. Plaintiff's principal reason for entering into the settlement agreement is the substantial cash benefit to the class of delivery drivers without the risk or delays of further litigation. The cash benefit provided under the Settlement must be balanced against the risk of a smaller recovery – or, indeed, no recovery at all – if this lawsuit goes to trial and the likelihood of appeals that could last many months, or even years, into the future. Defendants are entering in this Settlement to avoid the risk, uncertainty, burden, and expense of further litigation.

## 2. The Settlement's Terms

Under the Settlement, which the Court has preliminarily approved, the Defendants agree to pay $807,500 to resolve all of the claims raised in the lawsuit, including those for attorney's fees, expenses, and service awards (the "Settlement Fund"). This settlement amounts to approximately half of the delivery drivers' unpaid wages under Illinois law, if their reimbursement claim was calculated at the IRS standard business mileage rate, and if no class members exclude themselves from the settlement.

Your settlement award will be calculated based on the hours you worked for the Defendants from October 31, 2014 to July 31, 2019. To determine individual payouts, Defendants have provided Plaintiffs' counsel with all of the hours worked by each delivery driver during the relevant time period. You and other individual delivery driver will receive your "pro rata" share (i.e., your proportionate share) of the Settlement Fund based on the number of hours you worked from October 31, 2014 to July 31, 2019. The hours worked by the 125 delivery drivers who "opted in" to the case prior to July 31, 2019, in response to the first Court-authorized Notice and before the settlement was reached, will be multiplied by 1.5 times for purposes of determining their pro rata share of the Settlement Fund. The reason for this different calculation is because these delivery drivers opted in over a year ago, in 2018. Therefore the statute of limitations on their FLSA claims was tolled from the date they opted in, whereas the statute of limitations on the FLSA claims of the rest of the class has continued to run until the present. Additionally, FLSA claims carry different damages and arguably different claims than Illinois state law claims. The additional half share is intended to account for these differences.

This Notice contains only a summary of the Settlement's terms. You may obtain a full copy of the Settlement Agreement by contacting Class Counsel, listed below.

## 3. What are my options?

You have the following options:

| Action You Can Take | Details |
|---|---|
| **Do nothing / wait for your check.** | If you would like to participate in the settlement as described herein and receive a check for your portion of the Settlement Fund, you do not have to do anything. A Claims Administrator will send you a check on April 1, 2020, or a later date, depending on when the Court grants final approval of the settlement. |
| **Opt Out from the settlement by [60 days from the date of mailing], 2019.** | If you opt out of the Settlement, you waive any benefits due to you under the Settlement. You will not, however, be bound by the Release and can pursue your own individual claims against Defendants relating to the |

| | |
|---|---|
| | claims raised in this Lawsuit. To opt out, you must timely and properly submit an Opt-Out Notice described below. |
| **Object to the settlement by [60 days from the date of mailing], 2019.** | If you object to the proposed Settlement, in whole or in part, you may (but are not required to) write to the Court and explain why you object. You cannot object to the Settlement unless you are a Class Member and you did not previously submit a request to opt out from the Settlement. If you object to the Settlement, you must file a written objection with the Clerk of Court's Office as described below. If you submit a written objection by _____, 2019, you may (but do not have to) attend the Settlement Fairness Hearing and, at the discretion of the Court, may speak to the Court about your objection. |

### 4. Why did I get this notice?

You have been identified as eligible to join this lawsuit because records show that you currently or previously worked for Defendant as a delivery driver. The Court has authorized mailing of this notice regarding the settlement of a collective and class action lawsuit that may affect you. You have legal rights and options that you may exercise in this case. The lawsuit is titled *Young v. Rolling in the Dough, Inc., et al.,* No. 1:17-cv-7825, and is filed in federal court in the Northern District of Illinois, Eastern Division.

### 5. Can my employer fire me or retaliate against me if I take part in the case?

**The law strictly forbids any employer from retaliating against you for participating in the Lawsuit or cashing your check**. Retaliation is illegal, and you are entitled to additional money should a court determine that the Defendants took any action against you or treated you differently because you joined this lawsuit or cashed your check. If you experience any retaliation, you should report it immediately to Class Counsel (identified below) or another attorney of your choice.

### 6. Can I join this lawsuit?

You will be considered part of the lawsuit, and will be mailed a check in the amount of your share of the Settlement Fund, unless you opt out or do not cash the check you receive.

### 7. What happens if I join the lawsuit?

3

Unless you opt out of the settlement as described herein, you will receive your share of the Settlement Fund in the form of a check in the mail. If you choose to cash or otherwise negotiate the check, you agree to the release of claims recited on the settlement check:

> By signing and cashing or otherwise negotiating this check, I agree to join the lawsuit *Young v. Rolling in the Dough* pending in the United States District Court for the Northern District of Illinois (Case No. 1:17-cv-7825 (RWG)) (the "Lawsuit") and agree to be bound to the Settlement and Release Agreement in the Lawsuit. I irrevocably and unconditionally waive, release, extinguish, acquit, and forever discharge any claim I may or might have against Defendants or any of the Released Parties (as defined by the Settlement and Release Agreement) for the wage and hour claims that were asserted in the Lawsuit relating to under-reimbursed expenses, tip credit notice, dual jobs, and uniform deductions under the federal Fair Labor Standards Act and Illinois wage and hour law.

### 8. How do I opt-out of the settlement?

Under the terms of the settlement, you can submit a timely and valid Opt-Out Notice. To be timely, it must be received no later than 60 days after the Claim Forms were mailed, which was _____, 2019. To be valid, the Opt-Out Notice must be signed and notarized and contain the following statement or a similar statement:

> I wish to opt out of the Settlement of the case, *Young v. Rolling in the Dough, Inc., et al.* I understand that by requesting to opt out from the Settlement, I will receive no money from the settlement funds created in accordance with the Settlement Agreement in this case. I understand that if I opt out from the class monetary settlement, I may bring a separate action. I understand that in any separate lawsuit, I may receive nothing or less than I would have received had I filed a claim for money under the Settlement agreement in this case.

A Class Member who submits an Opt-Out Notice is not eligible to receive a share of the Settlement.

If you do not Opt Out, but also do not cash your check when it is eventually received, you will not release the claims asserted in this case against Defendants, and will be free to pursue them elsewhere as if you had opted out. The value of your check will revert to Defendants.

You should be aware that Fair Labor Standards Act claims are limited to a two- or three-year statute of limitations, and delay in joining this case, or proceeding separately, may result in some or all of your claims expiring as a matter of law. If you pursue your claims elsewhere, you may be awarded a lesser amount than your award in this settlement, a greater amount than your award, or $0.

### 9. How do I object to the Settlement?

Class Members may also object to the Settlement in whole or in part. Objections must be made in writing and filed, together with copies of all papers and briefs supporting the objection, with the Clerk of Court on or before _____. You must also serve the papers on Class Counsel and Defendants' Counsel at the addresses below so that the papers are *received* on or before _____.

| Clerk's Office | Class Counsel | Defendants' Counsel |
| --- | --- | --- |
| Everett McKinley Dirksen United States Courthouse<br>219 South Dearborn St.<br>Chicago, IL 60604<br>(312) 435-5670 | Andrew Kimble<br>Biller & Kimble, LLC<br>3825 Edwards Road, Suite 650<br>Cincinnati, OH 45209<br>(513) 202-0710<br>akimble@billerkimble.com | Timothy Scahill<br>Borkan Scahill<br>20 S. Clark Street, Suite 1700<br>Chicago, IL 60603<br>(312) 580-1030<br>tscahill@borkanscahill.com |

Any objection to the Settlement must (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector, (b) contain a statement of the Class Member's objection(s) and the specific reasons for each objection, including any legal or evidentiary support the Class Member wishes to bring to the Court's attention, and (c) must include documents sufficient to prove the objector's membership in the Class, such as proof of employment. You may not object to the Settlement if you are not a Class Member. If you do not comply with these requirements prior to _____, you *waive your right to object* to the settlement.

You may file a written objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objections unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Class Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* on or before _____. Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Class Counsel and Defendants' Counsel at the addresses set forth above so that the notice is *received* on or before _____. The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Class. Unless the Court orders otherwise, any Class

5

Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement.

### 10. Do I have a lawyer in this case?

Plaintiffs and the Rule 23 class are represented by Andrew Biller and Andrew Kimble of Biller & Kimble, LLC, 3825 Edwards Road, Suite 650, Cincinnati, OH 45209, Michael Fradin of the Law Office of Michael Fradin, 8401 Crawford Ave, Ste. 104, Skokie, IL 60076, and Aaron Maduff of Maduff & Maduff, LLC, 205 N. Michigan Ave., Suite 2050, Chicago, IL 60601.

If you have questions or need additional information, please contact Plaintiffs' Counsel at 513-202-0710 or akimble@billerkimble.com.

### 11. How will the lawyers be paid?

Class Counsel has prosecuted this lawsuit since October 2017 and has not received payment of any attorney's fees or expenses incurred in representing the Class. Per Class Counsel's representation agreement with Ms. Young and under the terms of the Settlement Agreement, Class Counsel intends to ask that the Court award them 1/3 of the Settlement Fund ($269,166.66) in attorney's fees, plus reasonable expenses they have incurred at that time. Up to $7,500 in claims administration costs will come from the Settlement Fund created for the class. In addition, Class Counsel will seek a service and incentive award of up to $10,000 for Plaintiff Samantha Young. This amount will come from the settlement fund allocated to Class Members. The Court has preliminarily approved Plaintiffs' counsel's request for attorneys' fees, expenses, and the incentive award. You may also hire your own attorney to represent you in this matter. If you do, it will be at your own expense.

### 12. When and where will the Court decide whether to approve the Settlement?

The Court will determine whether to approve this Settlement. In order to do so, the Court will conduct a Settlement Fairness Hearing on _____ at Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 1703, Chicago, IL 60604, before the Honorable Judge Robert W. Gettleman. Although you may attend this hearing, you do *not* need to attend this hearing in order to participate in the Settlement. At the hearing, the Court will determine:
  (a) Whether the proposed settlement is fair, reasonable, and adequate;
  (b) whether the lawsuit should be dismissed with prejudice;
  (c) whether Class Counsel's request for an award of attorney's fees and expenses should be finally approved; and
  (d) any other relief that the Court deems necessary.

The Court may approve the Settlement and/or any other related matter at or after the Settlement Fairness Hearing without further notice to Class Members.

\*\*\*

**Please Direct Any Questions Regarding this Notice to the Claims Administrator or Class Counsel:**

| Claims Administrator | Class Counsel |
|---|---|
| CAC Services Group, LLC | Andrew Kimble |
| 6420 Flying Cloud Dr., Suite 101 | Biller & Kimble, LLC |
| | 3825 Edwards Road, Suite 650 |
| Eden Prairie, MN 55344 | Cincinnati, OH 45209 |
| (952) 224-2192 | (513) 202-0710 |

**13. Please keep your address current.**

If you do not Opt Out, you will be mailed a check for your portion of the Settlement Fund. For that reason, it is important that you keep you mailing address current. If your mailing address changes, please inform Plaintiffs' counsel at 513-202-0710 or akimble@billerkimble.com.

7