**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SAMANTHA YOUNG,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17 CV 7825 |
| | ) |
| **ROLLING IN THE DOUGH, INC. et al.,** | ) |
| | ) |
| Defendants. | ) |

### AGREED MOTION TO MODIFY CLASS NOTIFICATION AND HEARING SCHEDULE

NOW COME Defendants ROLLING IN THE DOUGH, INC., ROLLING IN THE DOUGH II, INC., and KENNETH LINDEMAN (hereinafter collectively the "Rolling in the Dough Defendants"), by and through their attorneys, Steven B. Borkan, Timothy P. Scahill, and Andrew M. Cook of BORKAN & SCAHILL, LTD., and moving this Court to amend the class notification and hearing schedule, state as follows:

1. The above-captioned FLSA/state law wage and hour case was settled last year on a class-wide basis.

2. Notices to class members went out in early December to approximately 1000 employees.

3. A fairness hearing is currently set for 2/27/20.

4. In the process of preparing class data for hours calculations pursuant to the settlement agreement between the parties, defense counsel discovered that 8 persons potentially eligible to claim a portion of the settlement were inadvertently not included in the list of class members to receiving notice. This appears to have been a clerical error by defense counsel's staff.

5. Defendants' counsel (with the agreement of Plaintiff's counsel) requests that this Court give the parties leave to send notice to these additional 8 persons immediately providing them the otherwise applicable 60 day period from the date of this mailing in which to object and/or opt-out of this settlement. While this date would extend beyond the fairness hearing date, it would end prior to the distribution of any settlement amounts.

6. Defendants' counsel (with the agreement of Plaintiff's counsel) further requests that all other dates (including, but not limited to the February 27, 2020 fairness hearing) remain intact but proceed subject to being modified in the event of any later objection by the 8 persons at issue.

7. Defendants' counsel (with the agreement of Plaintiff's counsel) finally requests that, in the event any of these 8 persons elect to object to the settlement, the parties would alert the Court and a further hearing would be set to address any objections prior to the distribution of any settlement funds. In the event no such objections are made, the previously agreed upon dates would remain unaltered and the settlement funds would be distributed on such previously-set schedule.

8. No person would be prejudiced by such relief insofar as the rights of these 8 persons will be protected as set forth above.

WHEREFORE, Defendants ROLLING IN THE DOUGH, INC., ROLLING IN THE DOUGH II, INC., and KENNETH LINDEMAN pray this Court enter relief consistent with the above and for any other relief this Court deems appropriate.

                                             Respectfully submitted,
                                             BORKAN & SCAHILL, LTD.

                                             By:    s/Timothy P. Scahill
                                                          Timothy P. Scahill

Timothy P. Scahill (6287296)
BORKAN & SCAHILL, LTD.
20 South Clark Street, Suite 1700
Chicago, Illinois 60603 (312) 580-1030